# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Jessica Nava v. Rich Products Corporation* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 21)

## I. INTRODUCTION

On August 16, 2018, Jessica Nava ("Plaintiff") filed a Complaint in the Los Angeles Superior Court against Defendants Rich Products Corporation dba Jon Donaire Desserts ("Rich Products"), and Human Resources Manager Michael Rodriguez ("Manager Rodriguez") (collectively, "Defendants"). Plaintiff alleges in her Complaint the following claims: (1) Wrongful Termination in violation of Public Policy; (2) Wrongful Termination in violation of California Government Code § 12940(a); (3) Violation of Labor Code §§ 1194, 510(a), and Violation of California Code of Regulations § 11040 (Failure to Pay Overtime Wages); (4) Violation of California Labor Code §§ 226.7, 512, and IWC Wage Order 5 (Failure to Provide Meal and Rest Periods); (5) Violation of Labor Code §§ 201, 203 (Failure to Pay Discharged Employee); (6) Violation of California Labor Code §§ 226.6, 226.8 (Whistleblower); (7) Violation of Labor Code § 226 (Failure to Provide Correct Itemized Statement to Employee); and (8) Violation of Business and Professions Code § 17200 et seq.

On December 17, 2018, Defendants removed the instant action to this Court based on federal question and diversity jurisdiction. Presently before the Court is Plaintiff's Motion to Remand ("Motion"). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff was employed by Rich Products at the worksite (the "Worksite") in Santa Fe Springs, California. During her employment, Plaintiff was a union member of Bakery, Confectionery, Tobacco Workers & Grain Millers' International Union Local No. 37 (the "Union"). Plaintiff's supervisor, Manager Rodriguez, was responsible for administering the collective-bargaining agreement ("CBA") between Rich Products and the Union. The CBA governed Plaintiff's wages, working conditions, and other terms of employment.[1]

---

[1] Facts regarding the union and operative CBA were not a part of Plaintiff's Complaint, but rather undisputed allegations presented by Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Jessica Nava v. Rich Products Corporation* | | |

During Plaintiff's employment, Defendants failed to record all of Plaintiff's hours, pay proper overtime wages and earned vacation pay, provide complete and accurate paycheck stubs, and provide proper meal breaks and rest periods. Defendants also misclassified Plaintiff as a salaried employee and improperly made deductions from Plaintiff's paychecks without reimbursing business-related expenses and costs, despite company procedures and policies to the contrary. Due to these failures, Plaintiff is still owed all miscalculated and unrecorded wages.

In 2016, Plaintiff became aware of these wrongdoings and reported them. However, Defendants refused to take corrective action, and instead, they retaliated. Plaintiff was threatened, harassed, intimidated, and mocked by Defendants. Due to severe stress and anxiety, Plaintiff missed work to receive medical treatment in February 2017. Plaintiff was eventually placed on a "modified light duty." (Compl. ¶ 9, ECF No. 1–2.) Then, rumors that Plaintiff was injured due to her "having rough sex" were spread at the Worksite. Manager Rodriguez either participated in or encouraged these false rumors.

Despite Plaintiff's disability, Manager Rodriguez denied Plaintiff reasonable accommodations and interfered with her medical appointments. In March 2017, Plaintiff broke down crying after Manager Rodriguez refused to cease his misconduct. Plaintiff subsequently complained to a plant manager. However, the harassment only increased, and no one in a supervisory role pursued disciplinary action. Plaintiff eventually filed a complaint with the Equal Employment Opportunity Commission[2] (the "EEOC").

On August 31, 2017, Defendants terminated Plaintiff's employment of 15 years. At the time, Defendants had no legitimate or nondiscriminatory reason for the termination. Plaintiff was discharged as a result of Defendants' retaliation against her reports of workplace misconduct and discrimination against her disability.

### III. JUDICIAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court "if the federal court could have exercised original jurisdiction in the first instance." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis omitted). Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566–67.

In questions of jurisdiction, all of the factual allegations contained in the complaint are evaluated in the light most favorable to the plaintiff. *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999). To determine federal question jurisdiction, federal courts typically only look to the plaintiff's complaint. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1035 (9th Cir. 2014). However, when a defendant asserts that a claim is completely preempted, examination of extra-pleading

---

[2] While it remains unclear as to the date a complaint was made to the EEOC, Plaintiff filed a complaint with the Department of Fair Employment and Housing (the "DFEH") on August 15, 2018, after her employment was terminated. (Compl. Ex. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Jessica Nava v. Rich Products Corporation* | | |

material is permitted. *Id.* Similarly, where an issue of fraudulent joinder is raised in a question of diversity jurisdiction, courts may pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (internal quotations omitted).

## IV. DISCUSSION

Defendants removed this action on the grounds of both federal question and diversity jurisdiction. Specifically, Defendants state that (1) § 301 of the Labor Management Relations Act ("§ 301"), 29 U.S.C. § 185, preempts Plaintiff's state law claims, and (2) Manager Rodriguez is fraudulently joined as defendant and his citizenship should be disregarded for the purposes of determining jurisdiction.

Plaintiff moves to remand all claims. This Court addresses both the federal question and diversity grounds for subject matter jurisdiction in turn.

### A. Federal Question Jurisdiction: § 301 Preemption

In their removal papers, Defendants contend that Plaintiff's state law causes of action for wrongful termination (claims 1–2), unpaid overtime wages (claim 3), missed meal and rest periods (claim 4), and unfair business practices (claim 8) are completely preempted by § 301. Plaintiff argues that Defendants' position is erroneous. The Court agrees.

§ 301 preemption confers federal question jurisdiction for suits involving a violation of a CBA between an employer and a labor organization. 29 U.S.C. § 185(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[A]ny claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

In determining § 301 preemption of state law claims, courts have adopted a two-step inquiry. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–34 (9th Cir. 2016). First, a court must determine whether the asserted claim involves a right conferred upon an employee by virtue of state law, or the CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

However, if the right underlying the claim exists independently of the CBA, the court proceeds to the second line of inquiry. *Dent v. Nat'l Football League*, 902 F.3d 1109, 1116 (9th Cir. 2018). At this stage, the court must "decide whether the claim can be resolved by *looking to* versus *interpreting* the CBA." *Burnside*, 491 F.3d at 1060 (internal quotation marks omitted) (emphasis added). When a state law claim can be resolved without interpreting the CBA itself, § 301 preemption fails. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Jessica Nava v. Rich Products Corporation* | | |

Conversely, when a state law claim is "substantially dependent" on an interpretation of the CBA, § 301 preemption applies. *Caterpillar*, 482 U.S. at 394. Interpretation in this context is "defined narrowly—it [requires] something more than [to] 'consider,' 'refer to,' or 'apply.'" *McCray v. Marriott Hotel Servs.*, 902 F.3d 1005, 1011. Therefore, § 301 preemption is not triggered when there is no "active dispute over the meaning of contract terms." *Dent*, 902 F.3d at 1116; *see Livadas v. Bradshaw,* 512 U.S. 107, 124 (1994). Particularly, consulting a CBA for a "purely factual inquiry," or to "calculate damages or ascertain that an issue is not addressed by the CBA," does not satisfy the interpretation requirement for preemption purposes. *Dent*, 902 F.3d at 1117; *see Lingle*, 486 U.S. at 413, n.12 (finding no preemption where "a collective-bargaining agreement may . . . contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.").

1. *Wrongful Termination Claims*

Plaintiff asserts a wrongful termination claim for discrimination in violation of California Government Code § 12940(a). All factual allegations in support of this claim are raised in Plaintiff's claim for retaliatory discharge in violation of public policy.

§ 12940(a) prohibits an employer from refusing to hire or discharging an employee based on a physical or mental disability, or medical condition. Cal. Gov't Code § 12940(a). Under limited circumstances an employer may avoid liability. An exception exists where the employee is unable to perform the essential duties, or perform them in a manner that would not endanger the employee's health or safety or that of others, even with reasonable accommodations. Cal. Gov't Code §§ 12940(a)(1), 12940(a)(2).

Defendants contend that the CBA sets forth the parties' mutual agreement as to termination for cause as well as disability accommodations. Specifically, the CBA provides that an employee's "ability to perform the work" is the determining factor for employment at a modified pay and work schedule. (Rodriguez Decl. Ex. A, at 4, ECF No. 1–6.)

Notwithstanding, the CBA provision set forth by Defendants does not eliminate the protections afforded to Plaintiff under § 12940(a) against the alleged discrimination of her disability and medical condition. Therefore, Plaintiff's rights underlying her wrongful termination claim are conferred by the statute, and the Court turns to the second stage of inquiry to determine whether the state law claim requires an interpretation of the CBA.

Here, the Court does not find interpretation of the CBA necessary to resolve these claims brought on the basis of discrimination and retaliation. The CBA lists several factors, namely an employee's work ability, that Defendants may consider when terminating an individual's employment. However, the relevant provision offers no additional guidance or framework to evaluate whether Plaintiff's performance fell below threshold to warrant a just cause termination. Furthermore, the CBA does not define what constitutes discriminatory or retaliatory conduct, nor does it provide the means to address

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Jessica Nava v. Rich Products Corporation* | | |

the issue. Consequently, any determination concerning Defendants' discriminatory or retaliatory intent and conduct requires no interpretation of the CBA. At most, a court would look to, or reference, the CBA. Therefore, § 301 preemption fails as to Plaintiff's wrongful termination claims.

    2.    *Failure to Pay Overtime Wages Claim*

Plaintiff asserts violations of California Labor Code §§ 1194, 510(a), and violation of California Code of Regulations § 11040,[3] for unpaid overtime wages.

§ 1194 generally allows employees to "recover in a civil action the unpaid balance of the full amount of [legal] minimum wage or overtime compensation" regardless of any agreement to work for less. Cal. Lab. Code § 1194. § 510(a) delineates the required rate of overtime compensation for an employee working a regular workweek schedule. Cal. Lab. Code § 510(a).

Here, Defendants argue that "the CBA expressly contemplates a different standard for double time rate of pay for work beyond 10 hours a day, [and] determining whether employees are entitled to such pay requires interpretation of the CBA." (Defs.' Opp. to Mot. to Remand 8:15–18, ECF No. 23.) Although unclear, it appears that Defendants are referencing Cal. Lab. Code § 510(a)(2). According to § 510(a)(2), employees who operate on an alternative workweek schedule defined in a collective-bargaining agreement are not subject to the requirements of § 510(a), but rather, the terms set forth in the CBA.

Defendants, however, fail to introduce evidence, or even clearly state, that Plaintiff was operating on an alternative workweek schedule.[4] Because Defendants have not satisfied their burden of showing that the exception under § 510(a)(2) applies in this case, the Court finds that Plaintiff's protections regarding overtime compensation are conferred by state law. Therefore, the Court moves to the second line of inquiry.

Defendants argue that because the CBA deviates from the Labor Code regarding double-pay, resolution of this claim requires interpretation of the CBA. The Court disagrees. The CBA states that any work in excess of *10 hours*, exclusive of lunch time, shall be compensated at twice the regular rate of pay. (Rodriguez Decl. Ex. A, at 6.) Under § 510(a), this same rate of pay is triggered only when an employee works in excess of *12 hours*. Cal. Lab. Code § 510(a). Although the CBA deviates from the Labor Code, the Court is unconvinced that this particular discrepancy necessitates interpretation of the CBA.

---

[3] Defendants do not flag any potential exemptions under § 11040. Therefore, the Court will not discuss the issue here.
[4] In fact, Defendants' contentions concerning meal and rest breaks suggest Plaintiff was operating on a regular workweek schedule. In their Opposition to Plaintiff's Motion, Defendants argue that a CBA provision is applicable to Plaintiff, which specifies that an employee's meal break "must be taken between the third and fifth hours of a shift." (Defs.' Opp. to Mot. to Remand 8:15–24.) This provision is limited to employees on a regular workweek schedule. (Rodriguez Decl. Ex. A, at 7.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Jessica Nava v. Rich Products Corporation* | | |

Upon review of the claim, the Court finds that no specific terms of the CBA regarding overtime or double-time pay need interpretation. Rather, Plaintiff seeks enforcement of her right to compensation under the Labor Code. Even if liability is established, consulting the CBA to merely identify the rate of pay or calculate damages does not satisfy the interpretation requirement for preemption purposes. Therefore, § 301 preemption fails as to Plaintiff's third claim for unpaid overtime wages.

        3.    *Failure to Provide Meal and Rest Periods Claim*

Plaintiff asserts a violation of California Labor Code §§ 226.7, 512, and IWC Wage Order 5, for missed meal and rest periods.

§ 226.7 provides that an employer "shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." While certain employees in the wholesale baking industry are "exempt from meal or rest or recovery period requirements pursuant to other state laws," Cal. Lab. Code § 226.7(e), Defendants have not introduced evidence that Plaintiff falls within this category of employees. Therefore, the Court finds that Plaintiff's claim is subject to the rights conferred under § 512.[5]

Next, there is no interpretation of the CBA necessary to warrant a § 301 preemption. Although Defendants argue that provisions of the CBA require interpretation in order to determine breaks that Plaintiff may be entitled to, the Court is skeptical that any more than mere reference to the CBA is required in this instance. § 512 clearly delineates the meal breaks Plaintiff was entitled to. This section provides that "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . and shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes" with an exception where the total hours worked is no more than 12 hours. Cal. Lab. Code § 512(a). On the other hand, the CBA offer no more than specifying the exact hours an employee may exercise its right to a meal break. Lastly, it appears that the parties are not disputing any of the terms governing meal and rest breaks, thus requiring no specific interpretation of the CBA. § 301 preemption, therefore, fails as to Plaintiff's fourth claim for missed meal and rest periods.

        4.    *Unfair Business Practices Claim*

Under Business and Professions Code § 17200, "any unlawful, unfair or fraudulent business act or practice" is prohibited. Cal. Bus. & Prof. Code § 17200. Here, Plaintiff asserts her claim under § 17200 et seq. for unfair business practices based on Defendants' failure to reimburse business-related expenses and failure to pay overtime wages, among other wrongs. As this claim is dependent upon Plaintiff's Labor Code claims, the Court finds no independent basis that requires interpretation of the CBA. Accordingly, § 301 preemption fails as to Plaintiff's eighth claim for unfair business practices.

---

[5] Defendants do not address any potential employee exemptions under IWC Wage Order 5. Therefore, the Court will not address the issue at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Jessica Nava v. Rich Products Corporation* | | |

### B.      Diversity Jurisdiction

A court acquires diversity jurisdiction over a case where complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Plaintiff argues that she has stated a valid claim against Manager Rodriguez, a California citizen. Therefore, complete diversity of citizenship does not exist. The Court agrees.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A party is fraudulently joined, or a "sham defendant," "[i]f the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rules of the state[.]" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1989). A non-diverse defendant is deemed a sham defendant if, under controlling state law, no liability on any theory can be established. *Ritchey*, 139 F.3d at 1318, 1320. However, a defendant against whom a plaintiff can even possibly assert one valid claim is not a sham defendant. *Id.* at 1320.

A court may look beyond the pleadings to determine if a defendant is fraudulently joined. *Morris*, 236 F.3d at 1068. Where diversity jurisdiction is based on the grounds of a fraudulently joined defendant, the removing party bears the heavy burden of establishing joinder of the non-diverse defendant was improper. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). A party seeking removal based on diversity must prove fraudulent joinder "by clear and convincing evidence" in order to defeat the court's general presumption against fraudulent joinder. *Hamilton Materials*, 494 F.3d at 1206–07.

Defendants cite *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 349 (1998), in which the court held that "employees, regardless of their scope of employment or personal motives, cannot be individually liable for his acts or words relating to personnel actions." However, the allegations in the Complaint state that Manager Rodriguez acted beyond the scope of his employment and role as a supervisor. Specifically, the Plaintiff alleges that Manager Rodriguez (1) either participated in or encouraged the spread of false rumors that Plaintiff was injured and required medical attention due to her "having rough sex," and (2) interfered with Plaintiff's medical appointments. (Compl. ¶ 9.) Because Manager Rodriguez's alleged conduct is unrelated to any performance evaluation, pay or benefits decision, job responsibility, or working condition concerning Plaintiff, the Court finds that the alleged conduct extends beyond the scope of Manager Rodriguez's employment. Therefore, Manager Rodriguez could be personally liable for Plaintiff's claims of wrongful termination. *Mangano v. United States*, 529 F.3d 1243, 1247 (9th Cir. 2008) (defining "personnel action" to include "any appointment, promotion, disciplinary or corrective action, detail, transfer, reassignment, reinstatement, restoration, reemployment, performance evaluation, pay or benefits decision, mandatory psychiatric examination, or any other significant change in duties, responsibilities, or working conditions").

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS-6 |
| | **CIVIL MINUTES - GENERAL** | | |
| Case No. | 2:18-cv-10449-RGK-DFM | Date | August 02, 2019 |
| Title | *Jessica Nava v. Rich Products Corporation* | | |

Accordingly, as both Plaintiff and Manager Rodriguez are citizens of California, complete diversity fails, and the Court does not have original diversity jurisdiction over the case.

## V. CONCLUSION

In light of the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand as to all claims against Defendants.

**IT IS SO ORDERED.**

                                                                                                   : _____

Initials of Preparer